UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12138-RWZ

RAYMOND COOK, et al.

v.

MICHAEL MALONEY, et al.

ORDER ON MOTION FOR RECONSIDERATION

May 28, 2010

ZOBEL, D.J.

　　Plaintiff Francis Hannon seeks reconsideration of this court's March 30, 2010 order (Docket # 254) allowing defendant Jeffrey Beard's motion for summary judgment. Plaintiff Hannon, a former inmate of MCI-Cedar Junction, brought suit against officials of the Department of Correction in both Massachusetts and Pennsylvania for alleged violations of his constitutional rights in connection with his transfer from Massachusetts to Pennsylvania.

　　In allowing defendant's motion for summary judgment, this court held that Hannon had not demonstrated that the motive for his transfer was retaliation for his having acted as a "jailhouse lawyer," filing suit both on his own behalf and on behalf of other inmates. This court held that plaintiff had not adduced evidence of retaliatory motive. Rather, the evidence demonstrated that Beard's decision was based on information contained in a letter from the Superintendent of the Pennsylvania prison stating that Hannon was involved in drug activity and was involved in organizing other

inmates.

Plaintiff contends that under governing First Circuit caselaw, he is not required to produce affirmative evidence of retaliatory intent. Rather, the First Circuit has held that a retaliation may be inferred from the totality of the events at issue. See Ferranti v. Moran, 618 F.2d 888, 892 (1st Cir. 1980) (holding that inference of retaliation was warranted where plaintiff was denied a timely transfer to minimum security prison, denied permission to consult outside specialist for back injuries, and harassed by the medical staff allegedly in retaliation for filing suit against several prison officials). Plaintiff contends that the chronology of events here — including the fact that Hannon had no previous disciplinary problems, and the fact that this was the first transfer that Beard took a personal interest in —  warrants an inference of retaliation sufficient to raise a genuine issue of material fact.

I do not agree that such an inference is warranted. Here, the evidence demonstrated that Beard's decision was based on information contained in a letter from the Superintendent of the Pennsylvania prison stating that Hannon was involved in drug activity and was involved in organizing other inmates. Plaintiff does not dispute that he was in fact organizing other inmates and that he had several administrative separations from other inmates. Both are permissible reasons for the transfer. Even viewing the chronology of events proffered by plaintiff in the light most favorable to him, no inference of retaliation is warranted.

Plaintiff's Motion for Reconsideration (Docket # 257) is DENIED.

| | |
|---|---|
| May 28, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |